MATTER OF S——C——Y——

In DEPORTATION Proceedings

A-7956807

*Decided by Board September 4, 1958*

Adjustment of status—Section 211(c) and (d) of 1952 act—*Nunc pro tunc* exercise permissible whether entry occurred before or after effective date of act.

The discretionary provisions of section 211(c) and (d) of the 1952 act may be exercised *nunc pro tunc* in respect to entries which occurred prior, as well as subsequent, to December 24, 1952, the effective date of the act.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—Section 13 of the Act of 1924—Not non-quota as specified.

BEFORE THE BOARD

Discussion: This is an appeal from the order of the special inquiry officer finding the respondent deportable on the ground stated above and denying her application for relief under section 211(c) and (d) of the Immigration and Nationality Act (8 U.S.C. 1181(c) and (d)).

The respondent, a 30-year-old married female, a native and national of China, was admitted to the United States on February 1, 1951, as a nonquota immigrant upon surrender of a visa issued to her under the provisions of section 4(a) of the Immigration Act of 1924, as the spouse of a United States citizen. In 1957 it was learned that her husband was not a citizen and these proceedings were brought. The record establishes that the respondent acted in good faith and that reasonable diligence could not have helped her determine that her husband was not a citizen. The special inquiry officer was of the opinion that relief under the Immigration and Nationality Act could not be granted because at the time the respondent entered the provisions of section 13(d) and (e) of the Immigration Act of 1924 (43 Stat. 153) were in effect, and under those provisions correction of the visa could be made only if a charge against the proper quota could be made in the fiscal year in which the visa was issued. The special inquiry officer held that since the fiscal year in which the visa had been issued expired on June 30, 1951, the respondent's status could no longer be adjusted.

131

It is true that under the Immigration Act of 1924 an entry with a nonquota visa which was defective because it had been issued to an immigrant who was a quota immigrant could not be corrected after the passing of the fiscal year in which it was issued (*Matter of F——*, A-6371634, 5 I. & N. Dec. 525).[1] However, if the provisions of section 211 (c) and (d) of the Immigration and Nationality Act of 1952 may be applied to the respondent's case, a different situation would exist for adjustments under this law may now be made if the quota is open for the fiscal year in which the State Department is requested by the Attorney General to make a proper charge against the quota or in the fiscal year following submission of such notification (*Matter of R——*, A-8789196, 7 I. & N. Dec. 304).

Counsel argues that the provisions of section 211(c) and (d) of the Immigration and Nationality Act do apply here, for these provisions were meant to be a continuation and liberalization of the corresponding provisions of the 1924 act. We believe the contention of counsel is well taken. The Immigration and Nationality Act is a codification of the immigration laws in effect prior to its promulgation. The previous act made provision for adjustment of the visa if the irregularity in the issuance was discovered in the fiscal year in which it was issued. This caused cases of hardship to persons who were without fault in obtaining their visas for the defect was often not discovered for years after the issuance of the visa. The Immigration and Nationality Act provision is of very broad scope. It permits adjustment of status to be made although years may have passed after the individual entered (*Matter of R——*, *supra*). In view of the fact that it must have been the knowledge of Congress that entries which occurred prior to the Immigration and Nationality Act would come to the attention of administrative authorities while the Immigration and Nationality Act was in effect, it is difficult to believe that Congress intended to make provision to take care of those who entered after 1952, but would exclude from the same relief those aliens who had even longer residence in the United States.

In the absence of an express provision limiting the relief under section 211(c) and (d) to those who entered on and after the effective date of the Immigration and Nationality Act, we believe it is proper to find that Congress intended to grant the administrative authorities the power to take care of deserving cases of individuals issued visas to which, through no fault of their own, they were not entitled whether they entered before or after the effective date of the Immigration and Nationality Act of 1952. We, there-

---

[1] It is to be noted that *Matter of F——*, A-6371634, 5 I. & N. Dec. 525, does not consider the effect of the 1952 act.

fore, believe that it is proper to grant the respondent the relief she requests.

**Order:** It is ordered that the order of the special inquiry officer be and the same is hereby withdrawn.

*It is further ordered* that the appeal be sustained and proceedings be terminated and that the respondent be considered as having been admitted for permanent residence as a quota immigrant under the provisions of section 211(c) and (d) of the Immigration and Nationality Act and that the proper charge be made to the quota.